**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **BETTY HALL,** | |
| Plaintiff, | Case No.: |
| v. | |
| **THE CCS COMPANIES, d/b/a CREDIT COLLECTION SERVICES,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | **(Unlawful Debt Collection Practices)** |

---

## COMPLAINT

BETTY HALL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against THE CCS COMPANIES, d/b/a CREDIT COLLECTION SERVICES. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants

this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bath, New York 14810.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 2 Wells Ave., Newton, MA 02459.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12.     Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

13.     Beginning on or around late April or early May 2015 through the present, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone in order to collect the alleged debt.

14.     Defendant's collectors' harassing calls originated from numbers including, but not limited to (617) 581-1051.  The undersigned has confirmed that this number belongs to the Defendant.

15.     At all times, Defendant was trying to reach a "Hazel Lafler", an unknown third party.

16.     At all times, Defendant's representatives stated that they were attempting to collect a debt.  Plaintiff repeatedly informed Defendant that they had the wrong number, and the wrong person.  Defendant's collectors stated they would update their records.

17.     Plaintiff knows that Defendant's collectors are calling, because she has spoken with both male and female callers who identify the company name.

18.     However, despite Plaintiff's request, the calls from Defendant continued.

19.     Plaintiff has received at least six (6) calls since revoking consent.

20.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and annoying.

## COUNT I
## **DEFENDANT VIOLATED § 1692b(2) OF THE FDCPA**

21. A debt collector violates § 1692b(2) by communicating to a third party that a consumer owes a debt.

22. Defendant violated § 1692b when it informed Plaintiff that an unknown third party owed a debt that Defendant was trying to collect.

## COUNT II
## **DEFENDANT VIOLATED § 1692b(3) OF THE FDCPA**

23. A debt collector violates § 1692b by communicating to a third party on more than one occasion that a consumer owes a debt.

24. Defendant violated § 1692b when it repeatedly informed Plaintiff that an unknown third party owed a debt that Defendant was trying to collect, when it called repeatedly, even after being informed that Plaintiff's number was the wrong number..

## COUNT III
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

25. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's home telephone, despite being informed repeatedly that they had the wrong number.

## COUNT IV
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

27. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's home telephone with intent to annoy, abuse, or harass.

## COUNT V
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

29. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant violated § 1692f when it harassed Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, BETTY HALL, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BETTY HALL, demands a jury trial in this case.

Respectfully submitted,

Dated: September 18, 2015		By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esquire
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1207 Delaware Avenue, Suite 440
Buffalo, NY 14209
Phone: (716) 332-6112
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com